**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**ROBERT P. KIDD,**

      **Petitioner,**

**v.**                                                                            **Case No.    04-C-604**

**GARY R. MCCAUGHTRY, Warden,
Waupun Correctional Institution,**

      **Respondent.**

## DECISION AND ORDER

On July 6, 2004, the Court ordered the respondent in the above-captioned action to respond to the habeas corpus petition filed by Robert P. Kidd ("Kidd"). In that same order, the Court denied Kidd's request for appointment of counsel. The Court explained that Kidd had failed to establish his indigence and, absent such a showing, the Court would not proceed with its analysis of his request for a court-appointed attorney.

On July 14, 2004, the Court received Kidd's Application to Proceed without Prepayment of Fees and Affidavit. Insofar as Kidd paid the filing fee for his habeas petition prior to filing the instant application, the Court construes Kidd's submission as a renewed request for appointment of counsel.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071

(7th Cir. 1992) (citing *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982)). This Court is authorized to request, but not to compel (*see Mallard v. United States District Court*, 490 U.S. 296 (1989)), an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e). The threshold requirement for appointment of counsel under Section 1915(e) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. *Id.* Once this initial requirement is met, the Court, in exercising its discretion with regard to a plaintiff's request, must address the following question: "given the difficulty of the case, did the plaintiff appear to be competent to try [the case] himself, and, if not, would the presence of counsel have made a difference in the outcome. *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

      The Court, having reviewed Kidd's application and affidavit, finds that he possesses the financial resources to secure his own representation. Kidd lists over $2,000 in cash or checking or savings accounts. Even if Kidd did not have the financial resources to secure representation, his request for counsel would still fail. Kidd has not apprised the Court of any efforts on his part to obtain counsel. Absent such a showing, the Court cannot grant his request for appointment of counsel even if he establishes his indigence.

2

Case 2:04-cv-00604-RTR   Filed 07/11/05   Page 2 of 3   Document 66

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Kidd's Application to Proceed without Prepayment of Fees and Affidavit (Docket No. 7), construed as a Motion for Appointment of Counsel, is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 11th day of July, 2005.

                                      **BY THE COURT**

                                      s/ Rudolph T. Randa
                                      **Hon. Rudolph T. Randa
                                      Chief Judge**