# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT KIDD,**

        Petitioner,

  -vs-

**GARY R. MCCAUGHTRY, Warden,**
**Waupun Correctional Institution,**

        Respondent.

Case No. 04-C-604

# DECISION AND ORDER

Robert Kidd ("Kidd") is currently serving a forty-five (45) year prison sentence in the respondent's custody after pleading guilty to three counts of second-degree reckless homicide while using a dangerous weapon. Kidd asks the Court to vacate his conviction pursuant to 28 U.S.C. § 2254. The Court previously ordered the respondent to submit an answer to three of the four claims in Kidd's petition: (1) that his guilty plea was involuntary or unlawfully induced; (2) that his guilty plea was induced by a false representation from his trial counsel, which Kidd styles as an ineffective assistance of counsel claim; and (3) that he is actually innocent of the charges brought against him. After reviewing the answer, along with all of Kidd's various submissions to the Court, the Court finds that Kidd's petition must be denied.

After pleading guilty and being sentenced in Milwaukee County Circuit Court, Kidd appealed his judgment of conviction. Kidd's appellate counsel filed a no-merit brief addressing the following issues: (1) whether Kidd's guilty pleas were knowing and voluntary; and (2) whether Kidd's sentences were unduly harsh. In a supplemental no-merit brief, appellate counsel also

addressed whether Kidd raised any grounds for plea withdrawal during his plea colloquy that should have been explored before sentencing.

In his response to the no-merit briefs, Kidd argued that (1) he was innocent of the charges to which he pled guilty; (2) a combination of medicines he was taking at the time he entered his pleas prevented him from understanding what he was doing; (3) he had attempted to change his pleas and to represent himself at his sentencing; (4) his lawyer coerced him into signing the form changing his pleas to guilty; and (5) police falsely attributed to him various statements concerning the crimes.

The Wisconsin Court of Appeals, in an unpublished decision, held that Kidd's pleas were knowing and voluntary, and that a post-conviction motion to withdraw Kidd's guilty pleas would lack arguable merit. The Court of Appeals also held that there was no reason to reduce the sentence, noting that the sentencing court described Kidd as "rageful," "threatening almost his entire life," and "a person who's sociopathic behavior is vengeful, and homicidal to the extreme." (Docket No. 19, Exhibit F at 4). With regard to his claims of actual innocence, the court held that Kidd waived his right to challenge the sufficiency of the evidence by pleading guilty. Therefore, Kidd's evidentiary challenge lacked arguable merit. (*Id.* at 3, n.3).

Kidd filed a petition for review with the Wisconsin Supreme Court, which was denied as a matter of course. Kidd alleges that he filed a petition in the United States Supreme Court but that it was rejected. Kidd failed to provide any supporting documentation, and the respondent only agrees that it is possible he attempted to file a petition. (Docket No. 19, Answer, paragraphs 6-7).

As an initial matter, the Court finds that Kidd exhausted the claims he brought in his petition. "Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain

available at the time the federal petition is filed." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). While it is unclear whether he brought his second claim as an ineffective assistance claim in the state court, the basic argument is the same, and this claim essentially collapses into his argument that his plea was not knowing or voluntary.

Even though Kidd's claims were properly exhausted, his petition must be denied on its merits. Federal courts must deny a petition for habeas corpus with respect to any claim adjudicated on the merits in a state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if it was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997).

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *See United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001). The Wisconsin Court of Appeals' determination that Kidd's plea was knowing and voluntary was not contrary to, or an unreasonable application of, clearly established federal law.

As to Kidd's claim of actual innocence, since Kidd entered a plea and did not proceed to trial, non-jurisdictional challenges to the constitutionality of his conviction are waived and only the knowing and voluntary nature of the plea may be attacked. *See United States v. Brown*, 870 F.2d 1354, 1358 (7th Cir. 1989) (citing *McMann v. Richardson*, 397 U.S. 759 (1970)). As the Wisconsin Court of Appeals observed in a footnote, "Kidd's guilty pleas relieved the State of the burden of proving guilt beyond a reasonable doubt and he waived any challenged evidence. In his custodial statements, Kidd admitted shooting the three men. Those admissions were recounted in the criminal

-3-

complaint. During the plea colloquy, Kidd admitted that the factual allegations of the complaint were true. An evidentiary challenge at this time would lack arguable merit." (Docket No. 19, Exhibit F at 3 n.3). Once again, this determination was not contrary to or an unreasonable application of federal law.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Kidd's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**; and

2. This matter is **DISMISSED IN ITS ENTIRETY**.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2007.

        **SO ORDERED,**

        **s/ Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**